UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOHAMMAD SHENAVARI, <br><br> Plaintiff, <br><br> vs. <br><br> ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND IDOLINA STOCKERT, <br><br> Defendants | CIVIL ACTION NO. <br> 4:19-CV-04159 |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendants, IDOLINA STOCKERT (hereinafter referred to as "Stockert") and ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter referred to as "Allstate") give notice and hereby remove this action from the 269th District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

### I. BACKGROUND

1.  On September 30, 2019, Plaintiff, Mohammad Shenavari (hereinafter referred to as "Plaintiff") filed Plaintiff's Original Petition (hereinafter referred to as "Petition") in Harris County, Texas, under *Cause No. 2019-71232; Mohammad Shenavari v. Allstate Vehicle and Property Insurance Company and Idolina Stockert; in the 269th District Court, Harris County, Texas* (hereinafter referred to as the "State Court Action").

2.  Plaintiff's claims relate to real property located at 331 Isolde Drive, Houston, Texas 77024, and homeowners' insurance policy no. 829 582 292, issued by Allstate.

1

3. In Plaintiff's original petition, Plaintiff asserts claims for DTPA violations, fraud, breach of contract and violations of the Texas Insurance Code against both Defendants.

4. Defendants timely file this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action.

## II. PROCEDURAL REQUIREMENTS

5. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *see also* 28 USC §124(b)(2).

6. Pursuant to LR 81, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibits B, and C**, and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served, along with the documents that have recently been filed with the Court, but not yet reflected on the Court's online docket sheet.

7. Simultaneously with the filing of this Notice of Removal, Defendants are filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

8. Included in this filing are Defendants' Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E**) and a List of All Counsel of Record (**Exhibit F**).

### III. BASIS FOR REMOVAL

9. Removal is proper in this case due to complete diversity. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

### A. <u>Diversity and Motion to Dismiss Adjuster Defendant with Prejudice</u>

10. Plaintiff is and was at the time the lawsuit was filed, a natural person and resident of Harris County in the State of Texas and thus, a citizen of the State of Texas. *See* Plaintiff's Original Petition, ¶ 2. Upon information and belief, Plaintiff intends to continue residing in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

11. Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

12. Defendant, Idolina Stockert, is an individual residing in Texas. However, counsel for Defendants has given Plaintiff's counsel written notice of Allstate Vehicle and Property Insurance Company's election of legal responsibility on behalf of Stockert pursuant to Section 542A.006 of the Texas Insurance Code.

13. Pursuant to this section, upon election of responsibility, the Court must dismiss Stockert with prejudice to refiling of the same (**Exhibit H**). Tex. Ins. Code § 542A.006(a) (". . . [I]n an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.") Tex. Ins. Code § 542A.006(c) ("If a claimant files an action to which this chapter applies against an agent and the insurer thereafter

3

makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.").

14.     Therefore, since Allstate has elected responsibility for Stockert, necessitating Stockert's dismissal from this lawsuit with prejudice, complete diversity exists between the Parties.

    **B.**     **In the alternative, Stockert was improperly joined as a Defendant and should be disregarded for diversity purposes.**

15.     Although Defendant Stockert is a citizen and resident of the State of Texas, she has been improperly joined in this lawsuit and was sued for the sole purpose of defeating diversity jurisdiction.  *See Smallwood v. Illinois Cen. Rail Co*., 385 F 3d 568, 571 (5th Cir. 2004) (A court may disregard a party for diversity purposes if the court finds that joinder was improper and effectuated to defeat diversity).

16.     To determine whether a non-diverse Defendant has been improperly joined, the removing party must show that either there is actual fraud in the pleading itself, or that there is no reasonable possibility that a plaintiff will be able to establish a cause of action against the non-diverse defendant under state law.  *See Smallwood v. Illinois Cen. Rail Co*., 385 F. 3d 568, 573 (5th Cir. 2004); *see also Melder v. Allstate Corp*., 404 F.3d 328, 330 (5th Cir. 2005).  The second applies in this case.

17.     The court may conduct a rule 12(b)(6) analysis looking at the allegations in the petition and whether there are valid claims against the non-diverse Defendant under state law.  *Smallwood,* 385 F. 3d at 573.  *See also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (the Court must apply a federal pleading standard to conduct this analysis).  To pass this test, a complaint must have "enough facts to state a claim of relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007) (citing *Reece v. U.S. Bank Nat'l Ass'n*, 762 F. 3d 422, 424 (5th Cir. 2014)).

18. In other words, Texas Federal courts have historically required a plaintiff to allege *specific conduct* by an adjuster, not just mere conclusory legal or statutory statements masked as allegations. *See Okenpu v. Allstate Texas Lloyd's*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012) (Harmon, J.). *See also Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004) ("merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . .")

19. In Plaintiff's Original Petition, the allegations against Stockert are mere, boilerplate recitations of the Texas Insurance Code and Deceptive Trade Practices Act and are completely void of any *specific facts* about Stockert's actions or omissions with respect to her handling of Plaintiff's claim that would warrant legal recovery by Plaintiff.

20. Furthermore, the allegations against Stockert are not distinguishable from the allegations against the carrier Allstate, particularly in light of the fact that Allstate has decided to elect legal responsibility for Stockert per the Texas Insurance Code. Tex. Ins. Code § 542A.006(a). All of the allegations against Stockert are essentially the same as those lodged against Allstate—that Allstate did not pay Plaintiff's claim to his satisfaction. *See Keen v. Wausau Business Inc. Co.*, 875 F. Supp. 2d 682, 686 (S.D. Tex. Mar. 20, 2012) (Harmon, J.) (citing *Centro Crisitano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335 *14 * (S.D. Tex. Jan. 20, 2011) (". . . when claims against the adjuster are identical to those against the insurer, the adjuster's actions are 'indistinguishable from [the insurer's] actions and hence are insufficient to support a claim against the adjuster.'").

21. On the basis of the allegations against Stockert in Plaintiff's Original Petition, there is no reasonable basis to predict that any liability would be imposed on Stockert separate and apart from any liability potentially imposed on Allstate. As such, Stockert should be disregarded for diversity purposes.

### C.     Amount in Controversy

22. In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

23. The Court may also consider correspondence between the Parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

24.     The amount in controversy in this case exceeds $75,000.00. The suit arises out of the processing of Plaintiff's insurance claim under a home insurance policy issued by Defendant Allstate. In Plaintiff's 542A demand, Plaintiffs demanded $148,129.08 in damages, penalties, and attorney's fees (**Exhibit H**).   Accordingly, the actual amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants remove the State Court Action from the 269th District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law, and upon dismissal of Defendant Idolina Stockert by this Court with prejudice.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

_____
**KIMBERLY N. BLUM**
TBN: 24092148
Southern District Bar No. 2601470
811 Louisiana, Suite 2400
Houston, TX 77002
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on this day of October 24, 2019.

David A. Christoffel
State Bar of Texas Number: 24065044
CHRISTOFFEL LAW GROUP, P.L.L.C.
3027 Marina Bay Drive, Suite 230
League City, Texas 77573
Telephone: (281)429-8402
Facsimile: (281)429-8403
christoffellawgroup@gmail.com

ATTORNEY FOR PLAINTIFF

_____
**KIMBERLY BLUM**