# EXHIBIT C

Exhibit C

10/22/2019 8:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37842040
By: Iris Collins
Filed: 10/22/2019 8:59 AM

CAUSE NO. 2019-71232

| | |
|---|---|
| MOHAMMAD SHENAVARI | IN THE DISTRICT COURT |
| Plaintiff, | |
| | |
| V. | |
| | 269TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND | |
| PROPERTY INSURANCE COMPANY | |
| AND IDOLINA STOCKERT, | |
| Defendants. | HARRIS COUNTY, TEXAS |

**DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND IDOLINA STOCKERT, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

**I.**

**GENERAL DENIAL**

At this time, Defendants assert a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**II.**

**SPECIFIC DENIALS**

Plaintiff's claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Shenavari vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0472496529.1

Page 1 of 4

Plaintiff failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiff's claims are barred, in whole or in part, because the losses alleged by Plaintiff was proximately caused in whole or in part by the fault, negligence, knowing or reckless acts, or failure to mitigate damages by Plaintiff.

Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendants request that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendants further request disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendants formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

Shenavari vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0472496529.1

Page **2** of **4**

**V.**

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED,  Defendants pray that the Plaintiff recover nothing of and from Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

Shenavari vs. Allstate, et al.                                          Page **3** of **4**
Defendants' Original Answer and Request for Disclosure
0472496529.1

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and

correct copy of Defendants' Original Answer has been delivered to all interested parties on the 22nd day

of October, 2019, to:

David A. Christoffel
State Bar of Texas Number: 24065044
CHRISTOFFEL LAW GROUP, P.L.L.C.
3027 Marina Bay Drive, Suite 230
League City, Texas 77573
Telephone: (281)429-8402
Facsimile: (281)429-8403
christoffellawgroup@gmail.com

ATTORNEY FOR PLAINTIFF                     *VIA E-SERVE*

**KIMBERLY BLUM**

Shenavari vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0472496529.1

Page **4** of **4**

10/22/2019 8:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37842040
By: Iris Collins
Filed: 10/22/2019 8:59 AM

CAUSE NO. 2019-71232

| | |
|---|---|
| MOHAMMAD SHENAVARI | IN THE DISTRICT COURT |
|    Plaintiff, | |
| | |
| V. | |
| | 269TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND | |
| PROPERTY INSURANCE COMPANY | |
| AND IDOLINA STOCKERT, | |
| Defendants. | HARRIS COUNTY, TEXAS |

## NOTICE OF ELECTION OF LEGAL RESPONSIBILITY
## FOR IDOLINA STOCKERT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("Allstate") and files its Election of Legal Responsibility for IDOLINA STOCKERT under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I. BACKGROUND

Plaintiff filed a claim with Allstate. The claim was adjusted by one or more individuals at Allstate's request, including Defendant, IDOLINA STOCKERT. Plaintiff subsequently filed this action naming as defendants Allstate and IDOLINA STOCKERT.

For purposes of this Election, IDOLINA STOCKERT was an Allstate "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf.  *See* TEX. INS. CODE 542A.001.

## II. ELECTION

Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability IDOLINA STOCKERT might have to Plaintiff for

IDOLINA STOCKERT's acts or omissions related to Plaintiff's claims subject of this suit.

By this pleading, Plaintiff has provided written notice of Allstate's election of IDOLINA STOCKERT.

### III.      DISMISSAL WITH PREJUDICE

As statutorily mandated, under section 542A.006(c) of the Texas Insurance Code and based on Allstate's election, this Court "shall dismiss" this action against IDOLINA STOCKERT with prejudice. *See* TEX. INS. CODE 542A.006(c).

Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 22nd day of October, 2019, to:

David A. Christoffel
State Bar of Texas Number: 24065044
CHRISTOFFEL LAW GROUP, P.L.L.C.
3027 Marina Bay Drive, Suite 230
League City, Texas 77573
Telephone: (281)429-8402
Facsimile: (281)429-8403
christoffellawgroup@gmail.com

ATTORNEY FOR PLAINTIFF

**KIMBERLY BLUM**

CAUSE NO. 2019-71232

| | |
|---|---|
| MOHAMMAD SHENAVARI | IN THE DISTRICT COURT |
|    Plaintiff, | |
| | |
| V. | |
| | 269TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND | |
| PROPERTY INSURANCE COMPANY | |
| AND IDOLINA STOCKERT, | |
| Defendants. | HARRIS COUNTY, TEXAS |

## ORDER ON DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR IDOLINA STOCKERT

Be it remembered that on this day, **DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR IDOLINA STOCKERT** was considered.  Upon consideration of the motion, the Court is of the opinion that Defendants' request should be granted.

It is, therefore, ORDERED, ADJUDGED and DECREED that **IDOLINA STOCKERT** is dismissed from this lawsuit with prejudice to refiling of same.

Signed the _____ day of _____, 2019.

_____
**JUDGE PRESIDING**

10/22/2019 8:59:01 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37842040
By: COLLINS, IRIS T
Filed: 10/22/2019 8:59:01 AM

CAUSE NO. 2019-71232

| | |
|---|---|
| MOHAMMAD SHENAVARI<br>  Plaintiff, | IN THE DISTRICT COURT |
| V. | |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY<br>AND IDOLINA STOCKERT,<br>Defendants. | 269TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

### ORDER ON DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR IDOLINA STOCKERT

Be it remembered that on this day, **DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR IDOLINA STOCKERT** was considered. Upon consideration of the motion, the Court is of the opinion that Defendants' request should be granted.

It is, therefore, ORDERED, ADJUDGED and DECREED that **IDOLINA STOCKERT** is dismissed from this lawsuit with prejudice to refiling of same.

Signed the _____ day of _____, 2019.

 

_____
**JUDGE PRESIDING**

9/30/2019 11:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37232541
By: Joshua Hall
Filed: 9/30/2019 12:00 AM

**CAUSE NO. _____**

| | | |
|---|---|---|
| MOHAMMAD SHENAVARI | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| AND IDOLINA STOCKERT, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

COMES NOW **Plaintiff Mohammad Shenavari** (hereinafter referred to as "Plaintiff")

and files this his *Original Petition and Request for Disclosures*, complaining of **Defendant**

**Allstate Vehicle and Property Insurance Company** ("Allstate") and **Defendant Idolina**

**Stockert** ("Adjuster") and for such cause would show unto this Honorable Court as follows:

**I.**

## DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct Discovery under Level 3 of the Texas Rules of Civil Procedure,

and requests that the Court enter a Level 3 Discovery Plan.

**II.**

## PARTIES AND SERVICE

2.      Plaintiff Mohammad Shenavari is an individual residing in Harris County, Texas.  Further,

Mohammad Shenavari owns the real property located at 331 Isolde Drive, Houston, Texas 77024,

which is situated in Harris County, Texas.

3.      Defendant Allstate is a foreign insurance company engaged in the business of insurance in

Texas, with its principal office located at 2775 Sanders Road, Northbrook, Illinois.  The Defendant

1

may be served by and through its designated agent in Texas, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Upon information and belief, Defendant Idolina Stockert is an insurance claims adjuster employed by Defendant Allstate, whom resides at 1824 Arundel Drive, Carrollton, Texas 75007-3012.  Defendant Stockert will be served with legal service of process, through certified mail, return receipt requested, addressed to the location described above.

### III.
### JURISDICTION AND VENUE

5.      This Court has jurisdiction in this cause as the damages to Plaintiff are within the jurisdictional limits of this Honorable Court.    Pursuant to Tex. R. Civ. P. 47(c)(3), Plaintiff is seeking monetary relief of over $100,000 but less than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The court has jurisdiction over Defendant because the Defendant is an insurance company that engages in the business of insurance in the State of Texas and the Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.  Venue is proper in Harris County, Texas pursuant to Tex. Ins. Code §2210.552(c) as the insured property at issue in this suit is located in Harris County, Texas.

### IV.
### FACTS

7.      The claims in this lawsuit arise out of the property damage caused by Hurricane Harvey to the Plaintiff's real property, located at 331 Isolde Drive, Houston, Texas 77024 (the "Property"), on approximately August 25, 2017.

Plaintiff's Original Petition and Request for Disclosure

8.     On August 25, 2017, the property at issue was covered by a policy of insurance issued by the Defendant Allstate (hereinafter referred to as "the Policy"), which was numbered 000829582292.

9.     On or about August 25, 2017, a hurricane designated as "Hurricane Harvey", struck Harris County, Texas ("the Hurricane") with substantial winds and rain.  This Hurricane caused substantial damage to buildings in the area, including Plaintiff's Property.

10.     Specifically, Hurricane Harvey damaged Plaintiff's composition shingle roof, garage roof, and roofing components.  The severe wind that struck Plaintiff's composition shingle roof, caused the shingles to lift, and otherwise, break free and allow substantial amounts of water to enter Plaintiff's home and cause interior water damage to the entry/foyer, formal living room, dining room, kitchen, ;laundry room, living room, hallway, office, master bedroom, master bathroom, master closet, hallway2, bedroom, bedroom closet, bedroom2, bedroom2 closet, bathroom, closet, closet2, closet3 and HVAC unit..  Additionally, Hurricane Harvey caused extensive damage to Plaintiff's personal property located at the Property.

11.     Plaintiff submitted a claim to Allstate against the Policy for the damage to the Property sustained as a result of Hurricane Harvey.

12.     Defendant Allstate acknowledged receipt of Plaintiffs' claim and designated Plaintiffs' claim as claim number 0472496529 ("the Claim"). Plaintiff asked that Allstate cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy, and pay for the damage to the personal property.

13.     Additionally, Plaintiff provided Defendant with access to the insured property for multiple inspections and provided all information requested and necessary to pay the amount due and owing under the Policy.

Plaintiff's Original Petition and Request for Disclosure

14.     On September 21, 2017, Defendant's agent and adjuster, Idolina Stockert, inspected Plaintiff's Property and confirmed that Plaintiff had indeed sustained extensive interior water damage as a result of the Hurricane.  However, despite this acknowledgment Stockert had only recommended payment of $5,000.00.

15.     On January 14, 2018, Defendant Allstate, by and through its agent Kristen Janes(Coor), sent Plaintiff a letter partially accepting coverage of Plaintiff's claim, and partially denied portions of Plaintiff's Claim.  Therein, Defendant Allstate notified Plaintiff that it unequivocally accepted insurance coverage for the mold damage to interior of Plaintiff's home and unequivocally denied coverage composition shingle roof.  Further, the letter of January 14, 2018, contained no further reservation of rights.

16.     Despite receiving proper notice and despite every attempt by the Plaintiff to comply with the requirements of the Policy, Defendant Allstate has failed to pay Plaintiff all of the benefits owed under the terms of the Policy, even though the Policy provided coverage for losses such as those suffered by the Plaintiff.

17.     To date, Defendant Allstate has failed to perform its contractual duties to adequately compensate the Plaintiff under the terms of the Policy.  Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff as more specifically set forth below.

18.     From and after the time Plaintiff' claims were presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy at issue was reasonably clear.  However, Allstate continues to refuse to fully pay Plaintiff in full, despite there being no basis on which a reasonable insurance company would rely to deny the full payment.

19.     During the handling of the Plaintiff's claim for damages from Hurricane Harvey, Defendant Allstate committed several acts which constitute unfair settlement practices.

Furthermore, Defendant Allstate failed to timely acknowledge, investigate, request information, fully accept or deny, and fully pay Plaintiff's claims for damage from Hurricane Harvey.

20.     Defendant Allstate's acts and omissions in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling of these types of claims for damage.  Defendant Allstate treats all claims for damages caused by Hurricane Harvey exactly the same; that is, each claim for damage, no matter the location of the insured property, value of the damage, or value of the insured property, is paid the same percentage of the value of the insured property as determined by Defendant Allstate. Defendant Allstate's entire process for handling claims, such as those of the Plaintiff, is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**V.**

**CAUSES OF ACTIONS**:
**CAUSES OF ACTIONS AGAINST DEFENDANTS ALLSTATE AND IDOLINA STOCKERT**

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

21.     Plaintiff realleges and restates the above-referenced paragraphs, as if fully set forth herein.

22.     Defendant Allstate hired and/or assigned Defendant Idolina Stockert as the individual claims adjuster to investigate and adjust the claim on Defendant Allstate's behalf.

23.     During her investigation, Defendant Idolina Stockert failed to properly assess Plaintiff's property damage. Specifically, during her investigation, Defendant Idolina Stockert spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy.  As a result of the inadequate and substandard investigation, Defendant Idolina Stockert failed to fully account for all of the covered damage to the Property, such as the composition shingle roof, garage roof, roofing components, and HVAC.  Furthermore, even though Idolina Stockert acknowledged

the interior water damage to Plaintiff's property, she wrongfully opined that it should be covered under the "mold" provision and not the property damage provisions.   Defendant's conduct constituted multiple violations of the Texas insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151.

24.     Defendant Idolina Stockert is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Defendant Allstate, because Defendant Idolina Stockert is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any *individual*, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

25.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Stockert's misrepresentations by means of deceptive conducts include, but are not limited to, (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff had no covered damage to his roof, when in-fact there was extensive wind damage; (3) using her own statements about the non-severity of the damages as a basis for denying properly covered damages; (4) failing to provide an adequate explanation for giving so little compensation for Plaintiff's claims; and (5) seeking out alternative means of coverage to reduce the payment of Plaintiff's claim. Defendant Stockert's unfair settlement practice, as described above and the

example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

26.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

27.     The unfair settlement practices of Defendants' as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

28.     Defendants did not adequately explain why damages were not being covered under the Policy, despite the extensive damage to the Property as a result of the Storm. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act of practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

29.     Defendants' deceptive acts and omissions of misrepresenting an insurance policy by making false and misleading statements of material fact, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1)-(3), (5).

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

30.    Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### COUNT ONE: BREACH OF CONTRACT

31.    Defendant Allstate's conduct constituted a breach of the insurance contract made between Defendant Allstate and Plaintiff.

32.    Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, which constituted a breach of Defendant Allstate's insurance contract with Plaintiff.

### COUNT TWO:  NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33.    Defendant Allstate's conduct constituted multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.    Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

35.    Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability

Plaintiff's Original Petition and Request for Disclosure

under the Policy was reasonably clear, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

36.    Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.    Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

38.    Defendant Allstate's unfair settlement practice, as described above, of refusal to pay Plaintiff's claim without conducting a reasonable investigation, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### COUNT THREE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

39.    Defendant Allstate's conduct constituted multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40.    Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above,

constituted a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41.     Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constituted a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.     Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constituted a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### COUNT FOUR: ACTS CONSTITUTING ACTING AS AGENT

43.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Idolina Stockert is and was an agent of Defendant Allstate based on Defendant Allstate's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, selling insurance, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

44.     Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the acts, negligent hiring and training, supervision and/or omissions of Defendant Idolina Stockert, including the completion of his duties under the common law and statutory law.

### DTPA VIOLATIONS

45.     Defendants' conducts constituted multiple violations of the Texas Deceptive Trade Practice Act ("DTPA"), TEX. BUS. & COM. CODE 17.41-63. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. TEX. BUS. & COM. CODE 17.50(a). In the alternative, Plaintiff is a claimant for Defendants' violations of the Texas Insurance Code pursuant to the DTPA. TEX. BUS. & COM. CODE 17.50(h). Plaintiff has met all conditions precedent to

bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, but are not limited to the following:

A. By Defendants' acts, omissions, failures and conduct that are described in the above, Defendants have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Accordingly, Defendants' violations include, but are not limited to, (a) unreasonably delays in the investigation, adjustment, and resolution of Plaintiff's claim, (b) failure to give Plaintiff the benefit of the doubt, and (c) failure to pay for the proper repair of the Property on which liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2);

B. Defendant Allstate represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA;

C. Defendant Allstate represented to Plaintiff that Defendant Allstate' insurance policy and adjusting services were of a particular standard, quality, or grade when they were of another in violation of section 17.46(b)(7) of the DTPA;

D. Defendant Allstate advertised the insurance policy and adjusting services with intent not to sell them as advertised in violation of section 17.46(b)(9) of the DTPA;

E. Defendant Allstate breached an express warranty made by Defendant Allstate that the damages caused by the wind and/or hailstorm would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

F.  Defendants' actions are unconscionable in that Defendants' actions took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct give Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and,

G.  Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

## FRAUD

46.  Defendants are each individually liable to Plaintiff for common law fraud.

47.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and Defendants knew the representations were false or made recklessly without any knowledge of the truth as a positive assertion.

48.  Defendants made their statements intending that Plaintiff should act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## VI.   KNOWLEDGE

49.  Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.   DAMAGES

50.  Plaintiff would show that all of the aforementioned acts, taken together or singularly, constituted the producing causes of the damages sustained by Plaintiff.

12

51.     As previously mentioned, the damages caused by Hurricane Harvey on or about August 25, 2017, have not been properly addressed nor repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to the Plaintiff.  These damages are a direct result of all of the Defendants' mishandling of Plaintiff's claim in violation of the laws set forth herein.

52.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

53.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages.  TEX. INS. CODE §541.152.

54.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (15) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

55.     For violations of the DTPA, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three times his actual damages.

56.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation

and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.   REQUEST FOR DISCLOSURE

57.    Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants Allstate and Idolina Stockert each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## IX.     CONDITIONS PRECEDENT

58.    Upon information and belief, Plaintiff has complied with all conditions set forth in his insurance policy and by applicable statute prior to the filing of this *Plaintiff's Original Petition and Requests for Disclosure*, including the submission of a *Notice* letter, pursuant to Texas Insurance Code 542A.003, on September 16, 2019.

59.    However, a full sixty days (60) Notice was impracticable, under 542A.003(d)(1), as the date the cause of action accrued on or about September 30, 2017.

## X.      PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate  him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**CHRISTOFFEL LAW GROUP, P.L.L.C.**

**By** _/s/ David A. Christoffel_ _____
David A. Christoffel
christoffellawgroup@gmail.com
State Bar of Texas Number: 24065044
3027 Marina Bay Drive, Suite 230
League City, Texas 77573
Telephone: (281) 429-8402
Facsimile: (281) 429-8403

**ATTORNEY FOR PLAINTIFF**
**MOHAMMAD SHENAVARI**

Plaintiff's Original Petition and Request for Disclosure

7019

CAUSE NO. 201971232

RECEIPT NO.                  75.00     CTM

\*\*\*\*\*\*\*\*\*\*        TR # 73679616

PLAINTIFF: SHENAVARI, MOHAMMAD                  In The 269th
           vs.                                     Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    of Harris County, Texas
                                                               269TH DISTRICT COURT
                                                                Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: STOCKERT, IDOLINA

    1824 ARUNDEL DRIVE    CARROLLTON TX 75007 - 3012

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

This instrument was filed on the 30th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 2nd day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
CHRISTOFFEL, DAVID ANDREW                         MARILYN BURGESS, District Clerk
3027 MARINA BAY DRIVE, SUITE 310              Harris County, Texas
LEAGUE CITY, TX 77573                              201 Caroline, Houston, Texas 77002
Tel: (281) 429-8402                             (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 24065044

                                      Generated By: HALL, JOSHUA EVERETT   GLH//11342437

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES
to the following addressee at address:

_____

_____      ADDRESS

_____      Service was executed in accordance with Rule 106
                                          (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                                return receipt incorporated herein and attached
                                          hereto at

_____      on _____ day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

N.INT.CITM.P                                \*73679616\*         **RECORDER'S MEMORANDUM**
                                                   This instrument is of poor quality
                                                   at the time of imaging

7019   0140   0000   5914   0020

CAUSE NO.   201971232

RECEIPT NO.                                    75.00        CTM
        **********                        TR # 73679616

PLAINTIFF: SHENAVARI, MOHAMMAD                 In The   269th
            vs.                                Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY   of Harris County, Texas
                                               269TH DISTRICT COURT
                                               Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris


TO: STOCKERT, IDOLINA

    1824  ARUNDEL DRIVE    CARROLLTON  TX  75007 - 3012 .

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES


This instrument was filed on the 30th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 2nd day of October, 2019, under my hand and
seal of said Court.


Issued at request of:                          MARILYN BURGESS, District Clerk
CHRISTOFFEL, DAVID ANDREW                       Harris County, Texas
3027  MARINA BAY DRIVE, SUITE 310               201 Caroline, Houston, Texas 77002
LEAGUE CITY, TX  77573                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 429-8402
Bar No.: 24065044                               Generated By: HALL, JOSHUA EVERETT  GLH//11342437

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES
to the following addressee at address:


_____
                                               ADDRESS

_____           Service was executed in accordance with Rule 106
(a)ADDRESSEE                                        (2) TRCP, upon the Defendant as evidenced by the
                                                   return receipt incorporated herein and attached
                                                   hereto at

_____
                                               on _____ day of _____, _____
                                               by U.S. Postal delivery to _____
                                               _____

                                               This citation was not executed for the following
                                               reason: _____
                                               _____

                                               MARILYN BURGESS, District Clerk
                                               Harris County, TEXAS

                                               By _____, Deputy


N.INT.CITM.P                      *73679616*

7019 0190 0000 5911 0037

CAUSE NO. 201971232

RECEIPT NO.                                    75.00      CTM
            **********          TR # 73679610

PLAINTIFF: SHENAVARI, MOHAMMAD                  In The  269th
            vs.                                 Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    of Harris County, Texas
                                                269TH DISTRICT COURT
                                                Houston, TX

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

Q2

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (A FOREIGN
    INSURANCE COMPANY) MAY BE SERVED BY AND THROUGH ITS DESIGNATED
    AGENT C T CORPORATION SYSTEM

    1999  BRYAN STREET SUITE 900   DALLAS  TX  75201

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

This instrument was filed on the 30th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 2nd day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
CHRISTOFFEL, DAVID ANDREW                        MARILYN BURGESS, District Clerk
3027  MARINA BAY DRIVE, SUITE 310                Harris County, Texas
LEAGUE CITY, TX  77573                           201 Caroline, Houston, Texas 77002
Tel: (281) 429-8402                              (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 24065044
                                                Generated By: HALL, JOSHUA EVERETT  GLH//11342437

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES
to the following addressee at address:

_____          ADDRESS

_____          Service was executed in accordance with Rule 106
                                             (2) TRCP, upon the Defendant as evidenced by the
_____             return receipt incorporated herein and attached
(A) ADDRESSEE                                hereto at

                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____
                                          _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

N.INT.CITM.P                    *73679610*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

7019 0140 0000 5911 0037

CAUSE NO.  201971232

RECEIPT NO.                     75.00      CTM
*********                    TR # 73679610

PLAINTIFF: SHENAVARI, MOHAMMAD                    In The  269th
             vs.                                  Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    of Harris County, Texas
                                                  269TH DISTRICT COURT
                                                  Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (A FOREIGN
     INSURANCE COMPANY) MAY BE SERVED BY AND THROUGH ITS DESIGNATED
     AGENT C T CORPORATION SYSTEM

     1999  BRYAN STREET SUITE 900    DALLAS  TX  75201

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES


This instrument was filed on the 30th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 2nd day of October, 2019, under my hand and
seal of said Court.


Issued at request of:                            MARILYN BURGESS, District Clerk
CHRISTOFFEL, DAVID ANDREW                        Harris County, Texas
3027  MARINA BAY DRIVE, SUITE 310                201 Caroline, Houston, Texas 77002
LEAGUE CITY, TX  77573                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 429-8402
Bar No.: 24065044                                Generated By: HALL, JOSHUA EVERETT  GLH//11342437

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES
to the following addressee at address:


_____            ADDRESS

                                     Service was executed in accordance with Rule 106
_____               (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                             return receipt incorporated herein and attached
                                         hereto at

_____            _____
                                     on _____ day of _____, _____
                                     by U.S. Postal delivery to _____
                                     _____

                                     This citation was not executed for the following
                                     reason: _____
                                     _____

                                     MARILYN BURGESS, District Clerk
                                     Harris County, TEXAS

                                     By _____, Deputy


N.INT.CITM.P                    *73679610*



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery $

Postage
$ .30

Total Postage and Fees
$ 7.00

Sent To
IDOLINA STOCKERT
1824 ARUNDEL DRIVE
CARROLLTON, TX 75007-3012
2019-71232 269TH

PS Form 3800, April 2015 See Reverse for Instructions

7019 0140 0000 1151 0020

10-02-19

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee $ 3.56

Extra Services & Fees
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage $ 1.30

Total Postage and Fees $ 7.50

Sent To

ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY
C/O
C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS, TX 75201
2019-71232  269TH

Street and Apt. N

City, State, ZIP+4

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0140 0000 5911 0037

OCT 0 2 2019

Marilyn Burgess District Clerk

Postmark Date

HOUSTON CARRIER

10-02-19

Unofficial Copy Office of Marilyn Burgess District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.