UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOHAMMAD SHENAVARI, § § Plaintiff, § VS. § ALLSTATE VEHICLE AND PROPERTY § INSURANCE COMPANY, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:19-CV-4159 |

### **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand. (Doc. No. 4). After considering the motion, the responses thereto, the parties' oral arguments, and all applicable law, the Court determines that Plaintiff's Motion to Remand must be **GRANTED**.

**I. BACKGROUND**

Plaintiff Mohammad Shenavari is a Houston homeowner whose home (the "Property") suffered extensive damage during Hurricane Harvey in August 2017. At the time, the Property was insured by Defendant Allstate Vehicle and Property Insurance Company ("Allstate"). (Doc. No. 1-3 at 11 ¶8). Following the hurricane, Plaintiff submitted a claim to Allstate seeking coverage for the full cost of repairs to the Property as well as damage to personal property. *Id.* at 11 ¶11. Allstate acknowledged receipt of Plaintiff's claim. *Id.* at 11 ¶12.

Defendant Idolina Stockert, an insurance claims adjuster employed by Allstate, inspected the Property in September 2017 and confirmed that the Property had sustained extensive interior water damage. (Doc. No. 1-3 at 11 ¶3); *Id.* at 11 ¶14. Stockert recommended an insurance payment of $5,000. *Id.* On January 14, 2018, Allstate notified Plaintiff that it "unequivocally accepted

1

insurance coverage for the mold damage to interior of Plaintiff's home and unequivocally denied coverage [for the] composition shingle roof." *Id.* at ¶15.

On September 30, 2019, Plaintiff sued Allstate and Stockert in the 269th Judicial District Court of Harris County, Texas, alleging multiple violations of the Texas Deceptive Trade Practice Act (the "DPTA"), Tex. Bus. & Com. Code 17.41-63, fraud, breach of contract, and violations of the Texas Insurance Code. On October 22, 2019, Allstate filed an Election of Legal Responsibility for Stockert (the "Election of Responsibility") under Section 542A.006 of the Texas Insurance Code. (Doc. No. 1-3 at 6). Pursuant to this Election, Allstate "elects to accept legal responsibility for whatever liability IDOLINA STOCKERT might have to Plaintiff for IDOLINA STOCKERT's acts or omissions related to Plaintiffs' claims." (Doc. No. 1-3 at 6-7).

On October 24, 2019, Defendants removed this action to this Court on the basis of complete diversity under 28 U.S.C. § 1332(a). (Doc. No. 1). Plaintiff and Stockert are citizens of Texas, and Allstate is an Illinois corporation with its principal place of business in Illinois. (Doc. No. 1-3 at 11 ¶¶2-4). Plaintiff seeks monetary relief of at least $100,000. *Id.* at 11 ¶5. Plaintiff now moves to remand back to state court.

## II. <u>LEGAL STANDARD</u>

A party may remove any civil state court action to a federal district court that has original jurisdiction. 28 U.S.C. § 1441(a); *see Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of complete diversity. 28 U.S.C. § 1441(b). To establish complete diversity, no plaintiff may share the same citizenship as any defendant and the case must involve an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a); *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (internal quotation marks and citation

omitted). When determining whether removal is proper, the court considers the claims alleged in the state court petition as they existed at the time of removal. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

Improper joinder constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Under this doctrine, the court may disregard the citizenship of an improperly joined, non-diverse defendant, dismiss that defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendants. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Under the latter, the defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might recover against an in-state defendant." *Id.*

To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Alternatively, in cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings" and conduct a summary judgment-type inquiry. *Id.*

Federal pleading standards govern the Rule 12(b)(6)-type improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).

The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. *Smallwood*, 385 F.3d at 574. The removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## III. ANALYSIS

In opposing Plaintiff's motion to remand, Defendants contend that non-diverse Defendant Stockert was improperly joined because Allstate elected responsibility for her under Texas Insurance Code § 542A.006 after this lawsuit was filed but before it was removed. Defendants contend in the alternative that Stockert was improperly joined for the sole purpose of defeating diversity jurisdiction because Plaintiff's boilerplate pleadings fail to state a claim against Stockert.[1] The Court addresses each argument in turn.

### A. Election of Responsibility under Texas Insurance Code § 542A.006.

Section 542A.006 of the Texas Insurance Code authorizes an insurer to elect to accept full legal responsibility of an adjuster's acts or omissions, and provides that if an insurer elects responsibility after a lawsuit has commenced, "the court shall dismiss the action against the agent with prejudice." Tex. Ins. Code. § 542A.006(c). Defendants contend that because Allstate elected responsibility for Stockert before removing the action to federal court, Stockert was improperly joined and this action was thus properly removed. According to Defendants, once Allstate elected responsibility, Plaintiff no longer had any possibility of recovery against Stockert, thereby rendering her joinder improper. (Doc. No. 9 at ¶19).

---

[1] The Court notes that Defendants do not raise this argument in their Response to Plaintiff's motion for remand. *See* (Doc. No. 9). However, the Court nonetheless addresses this argument as Defendants raised it in their Notice of Removal. (Doc. No. 1).

4

Whether a § 542.006 election that is made after an insured files suit in state court but before the action is removed renders a non-diverse agent an improper party has not been addressed by the Fifth Circuit. *Altom v. Allstate Vehicle & Prop. Ins. Co.*, 2020 WL 810856, at *3 (E.D. Tex. Jan. 27, 2020). Much ink has been spilt, however, by district courts that have split on the impact of such an election on the improper joinder analysis.[2]

One line of decisions concludes that a § 542.006 election made after a lawsuit commences but before removal renders the in state adjuster improperly joined because the election, which requires that the adjuster be dismissed with prejudice, precludes any recovery against the adjuster. *See, e.g.*, *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019); *Flores v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) ("[E]ven when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent."); *Jiang v. Travelers Home & Marine Ins. Co.*, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018). The other line of decisions concludes that the touchstone of the improper joinder inquiry is whether parties were improperly joined at the time of joinder, and thus that an insurer's § 542.006 election after a lawsuit has commenced does not by itself establish improper joinder. *See, e.g.*, *Altom*, 2020 WL 810856, at *3; *Macari v. Liberty Mut. Ins. Co.*, 2019 WL 5595304, at *1 (S.D. Tex. Oct. 30, 2019); *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, 397 F. Supp. 939, 945-50 (S.D. Tex. July 11, 2019); *River of Life Assembly of God v. Church Mut.*

---

[2]Courts agree that when an insurer makes its election *before* an insured files suit in state court, then a dismissal under § 542A.006 is tantamount to a finding of improper joinder if a plaintiff-insured attempts to add the non-diverse adjuster to an action. *See, e.g.*, *Altom*, 2020 WL 810856, at *3 (E.D. Tex. Jan. 27, 2020); *Bexar*, 2019 WL 6131455, at *3; *Vyas v. Atain Speciality Ins. Co.*, 380 F. Supp. 3d 609 (S.D. Tex. 2019).

5

*Ins. Co.*, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019); *Stephens v. Safeco Ins. Co. of Ind.*, 2019 WL 109395, at *7 (E.D. Tex. Jan. 4, 2019).

The Court agrees with the reasoning set forth in the latter approach. The Fifth Circuit sitting en banc in *Smallwood v. Illinois Central Railroad Co.*, 85 F.3d 568, 573 (5th Cir. 2004) (en banc) stated that "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, *the focus of the inquiry must be on the joinder*, not on the merits of the plaintiff's case." (emphasis added).[3] It further explained that "the burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." *Id.* at 575. Applying *Smallwood* to the improper joinder analysis involving § 542.006 elections, the focal point of the analysis is on the joinder and thus an insurer's election *after* a lawsuit has commenced does not by itself establish improper joinder to defeat remand. *See Stephens*, 2019 WL 109395, at *7 ("[I]f an insurer elects to accept full responsibility of an agent/adjuster after the insured commences action in state court, the insurer must prove that the non-diverse adjuster is improperly joined for reasons independent of the election made under Section 542A.006."); *Yarco*, 397 F. Supp. 3d at 951 ("If a plaintiff's claims against a party were valid at the time of joinder, 'then it cannot be said that the joinder of that party was fraudulent.'") (quoting *Robbins Place*, 2019 WL 2183792, at *3); *River of Life*, 2019 WL 1767339 at *3 ("Church Mutual's election of responsibility therefore did not render

---

[3] In *Smallwood*, a Mississippi resident injured in a train accident brought a state-court action against Illinois Central Railroad and the Mississippi Department of Transportation. Illinois Central removed the case based on diversity jurisdiction, arguing that the Mississippi Department of Transportation had been improperly joined because the claims against it were preempted and recovery was barred by the Federal Railroad Safety Act. The Fifth Circuit rejected this argument as a misapplication of the improper-joinder doctrine, stating that "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit." *Id.* at 574. District courts interpreting *Smallwood* have observed that "if the impossibility of recovery were all that mattered, the *Smallwood* court would have reached the opposite conclusion." *Yarco Trading Co.*, 397 F. Supp. 3d at 950 (quoting *River of Life*, 2019 WL 1767339, at *3); *see also Stephens*, 2019 WL 109395, at *5.

Harris's *joinder* improper, because it did not preclude recovery against Harris until months after his joinder. If Harris is improperly joined, it must be for a reason that predated his joinder."). Here, the parties do not dispute that Allstate's election of responsibility did not occur until after Plaintiff filed the instant lawsuit. This election does not by itself establish that Stockert was improperly joined.

In arguing to the contrary, Defendants rely on *Hoyt v. Lane Construction Corp.*, 927 F.3d 287 (5th Cir. 2019) to contend that Allstate's post-lawsuit, pre-removal election in fact renders Stockert improperly joined because Plaintiff no longer has any possibility of recovery against her. This reliance, however, is misplaced. *Hoyt* involved claims against several construction companies for premises liability and gross negligence arising from a fatal automobile accident involving the defendants' construction activities. *Id.* at 291. After the state court granted the non-diverse defendant C.E.N.'s motion for summary judgment, the remaining diverse defendant removed the action to federal court and the plaintiff sought remand on the basis that removal was prohibited by the voluntary-involuntary rule because C.E.N. was dismissed against plaintiff's wishes. *Id.* at 292. The Fifth Circuit held that C.E.N. was improperly joined because the plaintiff could not establish a cause of action against C.E.M. in state court where the state court had already dismissed C.E.N. on summary judgment and there was no possibility that state court's summary judgment ruling could be reversed on appeal. *Id.* at 296-97. Thus, central to the court's denial of remand in *Hoyt* was the state court's dismissal of the non-diverse defendant on summary judgment prior to removal. That is not the case here. Unlike in *Hoyt*, the state court did not dismiss Stockert or adjudicate the merits of any claims prior to removal of this action.

Accordingly, the mere fact of Allstate's election of responsibility does not by itself establish improper joinder to defeat remand.

7

### B. Failure to State a Claim

Defendants next contend that Stockert was improperly joined because Plaintiff's boilerplate pleadings fail to state a claim for relief against her. The Court disagrees. Applying a "Rule 12(b)(6)-type analysis," the Court finds that the complaint sufficiently states a claim under either the Texas Insurance Code or the Deceptive Trade Practices Act. *Smallwood*, 385 F.3d at 573 (explaining that, generally, if a plaintiff "can survive a Rule 12(b)(6) challenge, there is no improper joinder"). The complaint articulates, for instance, specific damage to the Property that Stockert failed to include: "the composition shingle roof, garage roof, roofing components, and HVAC." (Doc. No. 1-3 at 15-16 at ¶23). It also explains *how* Stockert's adjustments were improper. The complaint alleges, for example, that "even though Idolina Stockert acknowledged the interior water damage to Plaintiff's property, she wrongfully opined that it should be covered under the "mold" provision and not the property damage provisions." *Id.* at ¶23. It further alleges that Stockert stated that Plaintiff "had no covered damage to his roof," when in fact there was extensive wind damage. *Id.* at ¶24. These allegations consist of more than mere legal conclusions plausibly state a claim against Stockert under Texas Insurance Code Unfair Settlement Practices, which provides, among others, a claim for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code. § 541.060(a)(2)(A).

Because Allstate's § 542A.006 election does not by itself establish improper joinder, and because Plaintiff has sufficiently stated a claim under state law against Stockert, the Court concludes that the suit was not properly removable and thus must be remanded. This case is accordingly remanded to the 269th Judicial district Court of Harris County, Texas.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Remand is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 23rd of March, 2020.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE